# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRINCE ISAAC, | No. 4:17-CV-02397 |
| Plaintiff, | (Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM OPINION

### NOVEMBER 30, 2020

Plaintiff Prince Isaac, a federal prisoner presently confined at the United States Penitentiary at Lee in Jonesville, Virginia, filed a complaint pursuant to the Federal Tort Claims Act regarding allegedly negligent treatment he received while incarcerated at the United States Penitentiary at Lewisburg in Lewisburg, Pennsylvania.[1]  In conjunction with his motion for leave to proceed *in forma pauperis*, he also filed an amended complaint raising the same claim in a more structured, typewritten form together with exhibits.[2]  Presently before the Court is Defendant United States of America's motion for summary judgment, which is ripe for adjudication.[3]  For the reasons that follow, the Court will grant the motion.

---

[1]  Doc. 1.
[2]  Doc. 10.
[3]  Doc. 19.

## I.     BACKGROUND

### A.     Factual Allegations of the Amended Complaint[4]

Plaintiff was transferred to the USP Lewisburg on or around June 4, 2015.[5]
Plaintiff suffers from osteochondroma, which is a severe bone abnormality.[6]
Plaintiff has osteochondroma in various parts of his body, including his left arm.[7]
Due to this condition, Plaintiff cannot bend his left arm backwards without extreme
pain occurring and aggravating the osteochondroma.[8]   Attached to Plaintiff's
amended complaint is a medical form dated June 2, 2015, which provides, in
pertinent part:   "Cuff only front – permanent," "large size ankle restraints –
permanent," and "Orthopedic condition requires front cuff and large size ankle
restraints."[9]

Plaintiff alleges that despite his medical status sheet that showed these
restrictions, correctional officers at USP Lewisburg ignored the requirements,
handcuffing Plaintiff behind his back and placing him in a cell where the bottom
bunk was already occupied; however, Plaintiff's cellmate ultimately allowed him to
occupy the bottom bunk.[10]   Plaintiff suffered pain and aggravation to his

---

[4]    The Court references the allegations of the amended complaint to provide factual background
       regarding Plaintiff's alleged medical conditions.
[5]    Doc. 10 at 1 (amended complaint).
[6]    *Id.*
[7]    *Id.*
[8]    *Id.*
[9]    *Id.* at 5.
[10]   *Id.*

osteochondroma as a result of being cuffed behind his back.[11]  Plaintiff alleges that the medical staff explained that the need to cuff him in the front was documented, that the correctional officers were aware of this need, and that if the correctional officers were not adhering to this requirement, then Plaintiff should utilize the administrative remedy process for further assistance, which he did to no avail.[12]

In or around May 2016, Plaintiff was seen by a chronic care doctor who ordered x-rays as a result of Plaintiff's explanation of the pain that he was suffering.[13]  On or around June 8, 2016, Plaintiff was transferred to the United States Penitentiary at Allenwood, where he was placed on pain medication due to the aggravation of the osteochondroma.[14]  Plaintiff has been on this pain medication ever since.[15]

### B.    Undisputed Material Facts

On June 2, 2015, a USP Allenwood physician's assistant noted on Plaintiff's intra-system transfer form (otherwise known as an exit summary) "cuff only front – permanent" due to an orthopedic condition.[16]  The intra-system transfer form is generated to provide relevant medical information to officials physically transferring and receiving an inmate, and functions to initiate the preparation of current

---

[11]  *Id.* at 2.
[12]  *Id.*
[13]  *Id.*
[14]  *Id.*
[15]  *Id.*
[16]  Doc. 21 at 1.

medication the inmate will travel with.[17]  Like any other prescription, treatment plan, or clinical determination, medical duty status ("MDS") restrictions are not permanent, they are assigned an expiration date, and are periodically reviewed to ensure the restriction, equipment, or limitation is consistent with the inmate's current medical condition.[18]  Previously entered MDS restrictions are not mandates binding on a receiving institution or primary care provider team.[19]  A current comprehensive medical evaluation and documentation must support any MDS restriction.[20]

On June 4, 2015, upon Plaintiff's arrival at United States Penitentiary at Lewisburg, MDS restrictions were reviewed by his primary care provider team during the intake medical assessment.[21]  Plaintiff's MDS restrictions were updated appropriately based on his current clinical presentation and evaluation.[22]  The USP physician determined that the only necessary MDS restrictions were a lower bunk permit, medical shoes, and a notation that Plaintiff had a metal plate and screws in his right ankle, which would set off a metal detector.[23]

On June 8, 2016, Plaintiff transferred back to USP Allenwood, and the corresponding intra-system transfer form similarly delineated his limitations and

---

[17]  *Id.* at 2.
[18]  *Id.*
[19]  *Id.*
[20]  *Id.*
[21]  *Id.*
[22]  *Id.* at 3.
[23]  *Id.*

restrictions relating to the lower bunk permit and the notation regarding the metal plate and screws in right lower extremity.[24]  No front-cuff restriction was noted.[25]

On September 28, 2016, a subsequent intra-system transfer form prepared by USP Allenwood, prior to Plaintiff's transfer to the United States Penitentiary in Coleman, Florida, did not specify any front-cuff restriction under the limitations and restrictions section.[26]  On October 14, 2016, at USP Coleman, Plaintiff's MDS restrictions were again reviewed and comprised of the lower bunk permit and medical shoes.[27]  No front-cuff requirement was noted.[28]

On December 29, 2016, Plaintiff filed Administrative Tort Claim Number TRTNER-2017-02021, with the Bureau of Prisons (BOP) Northeast Regional Office requesting a sum certain of twenty-seven thousand five hundred ($27,500.00) for injuries allegedly suffered while restrained behind the back instead of at the front.[29] Plaintiff's claim alleged the he suffered from osteochondroma and that there existed a "front cuff" medical requirement.[30]  On June 15, 2017, the regional office denied Plaintiff's claim, finding that there was no evidence that he suffered a compensable

---

[24]  *Id.*
[25]  *Id.*
[26]  *Id.*
[27]  *Id.*
[28]  *Id.*
[29]  *Id.* at 4.
[30]  *Id.*

loss as a result of negligence on behalf of a BOP employee.[31]  The denial letter noted

there was no indication of a medical need for Plaintiff to be cuffed in the front.

## II.   STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions,

answers to interrogatories, admissions on file, and affidavits show that there is no

genuine dispute as to any material fact and that the moving party is entitled to a

judgment as a matter of law.[32]  A disputed fact is material when it could affect the

outcome of the suit under the governing substantive law.[33]  A dispute is genuine if

the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.[34]  The Court should view the facts in the light most favorable to the non-

moving party and make all reasonable inferences in that party's favor.[35]  When the

non-moving party fails to refute or oppose a fact, it may be deemed admitted.[36]

Initially, the moving party must show the absence of a genuine issue

concerning any material fact.[37]  Once the moving party has satisfied its burden, the

non-moving party, "must present affirmative evidence in order to defeat a properly

---

[31]   *Id.*

[32]   Fed. R. Civ. P. 56(c).

[33]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[34]   *Id.* at 250.

[35]   *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[36]   *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

[37]   *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).

supported motion for summary judgment."[38]  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[39]  "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[40]

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'"[41]  Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[42]

Here a thorough and comprehensive review of the record makes clear that no material fact is in dispute as to the dispositive issue in this case.  As such, summary judgment is appropriate in this matter.[43]

---

[38]  *Anderson*, 477 U.S. at 257.

[39]  *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).

[40]  Fed. R. Civ. P. 56(e)(2)-(3).

[41]  *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

[42]  *Celotex Corp.*, 477 U.S. at 322.

[43]  *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.").

## III.   DISCUSSION

Plaintiff alleges that the correctional officers at USP Lewisburg were negligent when they refused to follow his "front cuff" only medical status and instead cuffed him behind his back.  The undisputed facts demonstrate, however, that Plaintiff's claim fails as a matter of law because when Plaintiff was incarcerated at USP Lewisburg, he lacked a front cuff only medical restriction.

"The FTCA waives sovereign immunity and grants district courts jurisdiction over tort claims against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"[44]  Such liability includes claims for "for money damages for injury or loss of personal property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[45]  In this matter, Pennsylvania law governs Plaintiff's claim because FTCA claims are governed by "the law of the place where the act or omission occurred."[46]

To establish negligence under Pennsylvania law, the plaintiff must show (1) that the defendant owed him "'a duty or obligation recognized by law; (2) a breach

---

[44]   *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis omitted), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

[45]   28 U.S.C. § 2675(a).

[46]   28 U.S.C. § 1346(b)(1).

of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.'"[47]

As Defendant points out, the United States had no duty to handcuff him in the front while incarcerated at USP Lewisburg, and Plaintiff has presented no evidence to dispute that it did have such a duty. Specifically, as the undisputed facts establish, on or about June 4, 2015, after Plaintiff arrived at USP Lewisburg, his restrictions, including the front cuff only restriction, were reviewed by a medical team; the medical team determined that Plaintiff could be cuffed in the back. The undisputed facts further establish that since that date, Plaintiff has not received a medical restriction of front cuff only.

While it is regrettable that Plaintiff may have experienced pain from being cuffed in the back, it is also clear as a matter of law that the correctional officers at USP Lewisburg were under no duty to cuff Plaintiff in the front only. Because those correctional officers owed Plaintiff no such duty, summary judgment in favor of Defendant is appropriate.[48]

---

[47] *Martinez v. United States*, 682 F. App'x 139, 141 (3d Cir. 2017) (quoting *Pittsburgh Nat'l Bank v. Perr*, 637 A.2d 334, 336 (Pa. Super. Ct. 1994).

[48] The Court notes that in the amended complaint, Plaintiff also references that correctional officers at USP Lewisburg assigned him to a cell in which the bottom bunk was already occupied, despite having a bottom bunk only restriction. As noted above, Plaintiff alleges in the amended complaint, however, that his cellmate allowed Plaintiff to occupy the bottom bunk. The Court presumes that Plaintiff did not intend to assert his bottom bunk status as a claim for relief because he has suffered no injury nor damages.

## IV.   CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge